**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

February 8, 2013

MEMORANDUM TO COUNSEL

    Re:   *Danielle Filler Fette v. ACell, Inc.*
           Civil Action No. ELH-12-3733

Dear Counsel:

    This Memorandum addresses defendant's "Motion to Dismiss and/or Strike Plaintiff's Complaint" ("Motion") (ECF 4) in this employment discrimination suit. I have considered the Motion along with plaintiff's Response (ECF 5) and defendant's Reply (ECF 6). I will deny the Motion.

    Defendant challenges the length of plaintiff's complaint (49 pages, including 305 paragraphs), as violative of Fed. R. Civ. P. 8(a)(2), which requires a pleading to include a "short and plain statement of the claim showing that the pleader is entitled to relief," and Fed. R. Civ. P. 8(d)(1), which requires each allegation of a pleading to be "simple, concise, and direct." Notably, almost all of the authority on which defendant relies predates the Supreme Court's landmark decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Aschroft v. Iqbal*, 556 U.S. 662 (2009), which "expounded the pleading standard for 'all civil actions.'" *Iqbal*, 556 U.S. at 684 (quoting *Twombly*, 550 U.S. at 554).

    To be sure, *Iqbal* and *Twombly* did not abolish the principle of notice pleading. The *Twombly* Court underscored that a plaintiff is not required to include "detailed factual allegations in order to satisfy" Rule 8(a)(2). *Twombly*, 550 U.S. at 555. However, the Court held that a complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action. *Id.* at 556. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that "'the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679. In the context of a claim of unlawful discrimination, as in this case, a complaint must contain sufficient factual detail to "'nudge[ ] [the plaintiff's] claims' of invidious discrimination 'across the line from conceivable to plausible.'" *Id.* at 680 (quoting *Twombly*, 550 U.S. at 570.

    I certainly do not suggest that all of the factual details adduced in plaintiff's complaint are necessary to meet the pleading standard articulated in *Twombly* and *Iqbal*. Undoubtedly, plaintiff could have filed a more succinct complaint sufficient to state a claim under Rule 8(a)(2), as interpreted by the Supreme Court. However, I cannot fault plaintiff for providing defendant and the Court with more notice of the factual basis of her claim than the bare minimum that is necessary.

"Determining whether a complaint states a plausible claim for relief," under the plausibility standard articulated in *Iqbal* and *Twombly*, is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. To be sure, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable," so long as it is merely plausible. *Twombly*, 550 U.S. at 556. Yet, plausibility is, to some extent, in the eye of the beholder (and the beholder's "judicial experience and common sense," *Iqbal*, 556 U.S. at 679). It is understandable and permissible for a plaintiff to ensure that she has alleged sufficient facts to state a claim that would meet the test of plausibility in anyone's eyes.

None of the content of the complaint is impertinent or scandalous, nor does it appear immaterial. *See* Fed. R. Civ. P. 12(f) (stating standard to strike a pleading). Moreover, the complaint does not consist of unwarranted argument. *See Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011) ("Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument."). Rather, the complaint is as long as it is simply because it contains detail of the facts plaintiff intends to prove in order to demonstrate her entitlement to relief. That by itself does not persuade me to dismiss or strike the pleading.

Accordingly, defendant's "Motion to Dismiss and/or Strike Plaintiff's Complaint" ("Motion") (ECF 4) is DENIED. Pursuant to Fed. R. Civ. P. 12(a)(4)(A), defendant shall file a responsive pleading within 14 days after this Memorandum is docketed.

Despite the informal nature of this Memorandum, the Clerk is directed to flag it as an opinion and docket it as an Order.

Very truly yours,

/s/

Ellen Lipton Hollander
United States District Judge